### LEHMAN v. KOCH.

*(Superior Court of Buffalo, General Term. March 24, 1890.)*

1. ABATEMENT AND REVIVAL—DEATH OF PARTY—MANDATORY STATUTE.
   Code Civil Proc. N. Y. § 757, providing that, in case of the death of a sole plaintiff or defendant, if the cause of action survives, the court must, on motion, allow or compel the action to be continued by or against his representative or successor in interest, is mandatory in actions at law; and lapse of time will not defeat the application.

2. PLEADING—VARIANCE—DESIGNATION IN CAPTION.
   That a complaint is entitled in form against the defendant "as sheriff," while the allegations of the complaint show only an individual liability, will not defeat an otherwise good cause of action.

Appeal from special term.

Action by Henry Lehman as assignee, etc., of Daniel Stumm, against Harry H. Koch as sheriff. Appeal from an order directing the substitution of the personal representative of the defendant. Code Civil Proc. N. Y. § 757, provides that, in case of the death of a sole plaintiff or defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest.

Argued before BECKWITH, C. J., and HATCH, J.

*Giles Stilwell*, for plaintiff. *Baker, Schwartz & Dake*, for defendants.

HATCH, J. The plaintiff commenced his action on the 30th day of September, 1885. Issue was thereafter joined by the service of an answer. About January 26, 1887, defendant died intestate, and on February 2, same year, letters of administration were issued to Harriet N. Koch, who was by the order appealed from directed to be substituted as party defendant. The charge contained in the complaint shows it to be an action of replevin, based upon an alleged conversion by defendant of a quantity of personal property, with the usual prayer that, in the event the property was not returned, judgment for its value should be awarded, together with damages for its detention. The property was not retaken by plaintiff, and subsequently a sum of money was substituted by plaintiff in lieu of the property seized; and by stipulation the fund thus created was held, as the representation of the property, to await the final determination of the issue.

The objection urged in support of the appeal, by which the order herein is sought to be reversed, is based upon the ground of laches in applying for the order substituting defendant's representative. By the moving papers it ap-

pears that something over two years elapsed between the issuing of letters of administration and the application to substitute, which, added to the time when the action was commenced, shows that the statute of limitations has run in favor of defendant; and the claim is that such fact is to be adopted as the guide in determining the right of plaintiff to the substitution granted. Such seems to be the established rule in equitable actions. *Coit* v. *Campbell,* 82 N. Y. 509. But in actions at law it seems that section 757 of the Code is mandatory, and that mere lapse of time will not defeat the application. *Holsman* v. *St. John,* 90 N. Y. 461; *Evans* v. *Cleveland,* 72 N. Y. 486.

The further claim is made that no cause of action is alleged against the defendant in the action. An examination of the complaint shows that it is therein alleged that, at a specified time and place within the jurisdiction of the court, the defendant wrongfully took and wrongfully detains from the plaintiff certain articles of personal property, which are therein set out in detail; that the property was the property of the plaintiff, whose interest and capacity to sue is therein particularly alleged. The allegations are followed by a prayer for relief recognized as appropriate to such actions. It is quite clear that a perfect cause of action is stated in the complaint. This does not seem to be denied, but the criticism is that the complaint is entitled in form against the defendant "as sheriff," while the allegations of the complaint show alone individual liability. Whatever the rule may have been, assuming the point to be well taken, such defect is not now available to defeat an otherwise good cause of action; and such designation of a party is to be regarded as descriptive of the person, and does not in any manner change the effect of the facts alleged. *Murray* v. *Church,* 1 Hun, 49, affirmed 58 N. Y. 621; *Berford* v. *Barnes,* 45 Hun, 253; *Bank* v. *Donnell,* 40 N. Y. 410. It is doubtless true that an action would lie against the sureties upon the sheriff's official bond for the act complained of; but in such case, in the event of a recovery, execution would issue, in the first instance, against the individual property of the sheriff. Crock. Sher. § 894. So the result is the same. This action, therefore, treated as one against the individual, is well brought. As the allegations of the complaint show that the act has diminished the property of plaintiff, it is proper that the representative should be substituted. The order appealed from is affirmed, with $10 costs and disbursements.